UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RENE LORENZO FERNANDEZ GARCIA (A-Number: 023-179-839),

Petitioner,

v.

WARDEN, CENTRAL VALLEY ANNEX,

Respondent.

No. 1:26-cv-06509-KES-EPG (HC)

**ORDER GRANTING HABEAS PETITION AND ORDERING IMMEDIATE RELEASE**

Doc. 1

Petitioner Rene Lorenzo Fernandez Garcia ("petitioner" or "Garcia") is an immigration detainee proceeding pro se with a petition for writ of habeas corpus and a motion for temporary restraining order. Docs. 1, 3. For the reasons discussed below, his petition is GRANTED.

## I. BACKGROUND

Garcia is a citizen of Cuba who was a lawful permanent resident until February 1, 2016. Doc. 1 at 3. He states in his petition that he has been detained since approximately February 19, 2026. *Id.* He claims that his continued detention violates the Due Process Clause as it has become unreasonably prolonged. *Id.* at 3–4.

In its response, respondent argues that Garcia is subject to mandatory detention under 8 U.S.C. § 1231(a)(6). Doc. 7 at 1. Respondent submitted a record of Garcia's criminal history, which includes convictions for grand theft and burglary. Doc. 7-1 at 22, 28. Department of

Homeland Security records also indicate that in 2010, Garcia was convicted of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). *Id.* at 34. On December 2, 2015, Garcia was placed in removal proceedings and was ordered removed on February 1, 2016. Doc. 7 at 2; Doc. 7-1 at 36. He waived appeal. Doc. 7 at 2. His lawful permanent resident status was then terminated. Doc. 7 at 2. On May 1, 2018, Garcia was released on an order of supervision. *Id.*; Doc. 7-1 at 39.

On February 16, 2026, Garcia was arrested for aggravated battery causing bodily harm or disability in violation of Florida Statute § 784.045. Doc. 7 at 2. He was then placed into Immigration and Customs Enforcement ("ICE") custody. *Id.* ICE evaluated Garcia for repatriation to Cuba. *Id.* Petitioner is currently being processed for removal to Mexico as a third country alternative. *Id.* Respondent contends that if Garcia cooperates, he can be removed to Mexico. *Id.*

## II. LEGAL STANDARD

When noncitizens are subject to final orders of removal, their detention is presumptively reasonable for six months. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). After this period, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* "Courts have found that the passage of time combined with the government being no closer to repatriating a detainee than they were once they first took him into custody as being sufficient to meet [petitioner's] initial burden." *Zerai v. Noem*, No. 5:26-cv-00972-AYP, 2026 WL 1453931, at *5 (C.D. Cal. May 14, 2026) (internal citation omitted). "This 6-month presumption . . . does not mean that every alien not removed must be released after six months." *Zadvydas*, 533 U.S. at 701. "[A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*[1]

[1] This burden shifting framework applies to Garcia as his order of removal has become final. An order of removal is final "[u]pon waiver of appeal." 8 C.F.R. § 1241.1(b). As respondent notes, Garcia waived appeal. Doc. 7 at 2. Respondent appears to concede these principles apply as it argues, in its response, that Garcia "has been detained for just eight days over the six-month presumptive period." Doc. 7 at 4.

## III. DISCUSSION

Garcia has provided good reason to believe that removal is unlikely in the reasonably foreseeable future. Garcia was ordered removed over a decade ago and he has been detained for over six months. There is no indication from respondent that the government is closer to removing Garcia than they were when Garcia was initially detained. Therefore, petitioner's initial burden is satisfied.

Respondent does not satisfy its burden to show that there is a significant likelihood of removal in the foreseeable future to either Cuba or Mexico. Though respondent notes that Garcia's "removal order may be lawfully executed once repatriation to Cuba is resolved," it does not provide evidence that it will accomplish this in the reasonably foreseeable future. *Id.*

Removal to Mexico also does not appear likely in the foreseeable future. Respondent argues that "[i]f petitioner were to cooperate with his removal to . . . Mexico" the government "can facilitate [Garcia's] removal to Mexico." Doc. 7 at 2. But this Court has recognized that the government cannot detain a noncitizen because he "is not agreeing to voluntarily depart to a country he is not from and is under no legal obligation to go to." *Obando Vargas v. Blanche*, No. 1:26-cv-05343-DAD-AC (HC), 2026 WL 2056618, *2 (E.D. Cal. July 16, 2026). And "[m]any courts have noted that third country removal is exceedingly rare." *Su v. Noem*, No. 1:26-cv-01683-KES-EPG (HC), 2026 WL 1216896, at *2 (E.D. Cal. May 4, 2026) (internal citation omitted). As respondents fail to show a significant likelihood that petitioner will be removed in the reasonably foreseeable future, Garcia's detention has become unreasonably prolonged in violation of the Due Process Clause.

## IV. CONCLUSION

Accordingly, the petition for writ of habeas corpus is GRANTED. Respondent is ORDERED to release petitioner Rene Lorenzo Fernandez Garcia (A-Number: 023-179-839) immediately. Respondent is ORDERED to provide petitioner with a copy of this Order upon his release.

Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless there are material changed circumstances and a neutral decisionmaker determines that there is a

significant likelihood of petitioner's removal in the reasonably foreseeable future.

The Clerk of Court is directed to close this case, terminate all pending motions, and enter judgment for petitioner. The Clerk is directed to serve Central Valley Annex with a copy of this Order.

IT IS SO ORDERED.

Dated: October 21, 2026

UNITED STATES DISTRICT JUDGE